UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BARNEY FRANDO, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LIFECARE SOLUTIONS, INC., a Delaware corporation; PREFERRED HOMECARE INFUSION, L.L.C., an Arizona limited liability company; FOUNDERS HEALTHCARE, LLC, an Arizona limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-CV-03708-ODW-SS<br>The Hon. Otis D. Wright II<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

# ORDER

This matter came before the Court for a hearing on the Motion for Final Approval of Class Action Settlement. Due and adequate notice having been given to Class Members as required by the Court's April 12, 2019 Preliminary Approval Order, and the Court having considered all papers filed and proceedings herein, and determining that the settlement is fair, adequate, and reasonable, and otherwise being fully informed and good cause appearing therefore, it is hereby **ORDERED AS FOLLOWS**:

1. For the reasons set forth in the Preliminary Approval Order and in the transcript of the proceedings of the Preliminary Approval hearing, which are adopted and incorporated herein by reference, this Court finds that the requirements of Rule 23 have been satisfied.

2. This Order hereby adopts and incorporates by reference the terms and conditions of the Joint Stipulation of Class Action Settlement and Release, together with the definitions and terms used and contained therein.

3. The Court finds that it has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Settlement Class.

4. The class notice fully and accurately informed Class Members of all material elements of the proposed settlement and of their opportunity to opt out or object; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the United States of America and due process. The class notice fairly and adequately described the settlement and provided Class Members with adequate instructions and a variety of means to obtain additional information.

5. Class Members were given a full opportunity to participate in the Final Approval hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not timely and properly opt out of the settlement are bound by this Order.

6. The Court has considered all relevant factors for determining the fairness

of the settlement and has concluded that all such factors weigh in favor of granting final approval.  In particular, the Court finds that the settlement was reached following meaningful discovery and investigation conducted by Plaintiff; that the settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the settlement are in all respects fair, adequate, and reasonable.

7. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of Plaintiff's case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of counsel.  The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

8. Accordingly, the Court hereby approves the settlement as set forth in the Joint Stipulation of Class Action Settlement and Release and expressly finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire Settlement Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Joint Stipulation of Class Action Settlement and Release.

9. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case.  Additionally, after considering the monetary recovery provided by the settlement in light of the challenges posed by continued litigation, the Court concludes that the settlement provides Class Members with fair and adequate relief.

10. The Settlement Agreement is not an admission by Defendant or by any other released party, nor is this Order a finding of the validity of any allegations or of any

1 wrongdoing by Defendant or any other released party.  Neither this Order, the Settlement
2 Agreement, nor any document referred to herein, nor any action taken to carry out the
3 Settlement Agreement, may be construed as, or may be used as, an admission of any
4 fault, wrongdoing, omission, concession, or liability whatsoever by or against
5 Defendants or any of the other released parties.

6     11. Final approval shall be with respect to:  All persons who worked for
7 LifeCare as non-exempt, hourly-paid employees in California at any time from February
8 28, 2014 through April 12, 2019.

9     12. Plaintiff Barney Frando is a suitable representative and is hereby appointed
10 the representative for the Settlement Class.  The Court finds that Plaintiff's investment
11 and commitment to the litigation and its outcome ensured adequate and zealous
12 advocacy for the Settlement Class, and that his interests are aligned with those of the
13 Settlement Class.

14     13. The Court appoints Capstone Law APC as Class Counsel.  The Court finds
15 that counsel have demonstrable experience litigating, certifying, and settling class
16 actions, and will serve as adequate counsel for the Class conditionally certified by this
17 Order.

18     14. The Court approves settlement administration costs and expenses in the
19 amount of $18,500 to CPT Group, Inc.

15. All Class Members were given a full and fair opportunity to participate in the Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard. Members of the Settlement Class also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class. Accordingly, with the exception of the single Class Member who opted out of the Settlement Class, the terms of the Settlement Agreement and Release and of the Court's Order shall be forever binding on all Class Members. These Class Members have released and forever discharged the Defendant for any and all Released Claims.

**IT IS SO ORDERED.**

Dated: 9/9/2019

Hon. Otis D. Wright II
United States District Judge